JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -7 1991

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 872

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE DEL-VAL FINANCIAL CORP. SECURITIES LITIGATION

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

TRANSFER ORDER

This litigation presently consists of eleven actions listed on the attached Schedule A and pending in three districts as follows: five actions each in the Southern District of New York and the District of New Jersey, and one action in the District of Delaware.[1] Defendants in the actions move, pursuant to 28 U.S.C. §1407, for centralization of all actions in the Southern District of New York for coordinated or consolidated pretrial proceedings. With the exception of plaintiffs in the action pending in the Southern District of New York entitled Rita M. Cole, et al. v. Kenbee Management, Inc., et al. (Cole), all responding parties agree upon centralization and disagree only upon selection of the transferee district: some parties join with movants in favoring the Southern District of New York as transferee forum, while other parties favor the District of New Jersey.

On the basis of the papers filed and the hearing held, the Panel finds that centralization of all actions except Cole in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the centralized actions are brought as securities class actions on behalf of shareholders of Del-Val Financial Corp. (Del-Val), a New York Stock Exchange listed real estate investment trust. In these ten actions plaintiffs allege that the market value of Del-Val's common stock had been artificially inflated as a result of defendants' misrepresentations concerning Del-Val's ability to pay dividends, the quality of its assets, and its general financial condition. Centralization of these actions under Section 1407 is thus necessary in order to

---

[1] One of the New Jersey actions, Robert Jordan v. Del-Val Financial Corp., et al., C.A. No. 90-4466 (AMW), was not included in the motion before the Panel, because the movants' attempt to amend their motion to include the action did not comply with the Panel's filing and motion practice rules. We have included it in the disposition of the matter before us, because all parties to the action i) expressed their position on the question of transfer in writing prior to the hearing held in this docket, and ii) were afforded an opportunity to present oral argument at the hearing.

avoid duplication of discovery, prevent inconsistent pretrial rulings (especially with respect to class certification determinations), and conserve the resources of the parties, their counsel and the judiciary.

Cole is not brought by Del-Val shareholders but rather by investors in thirty limited partnerships which were marketed years prior to the class periods alleged in the other MDL-872 actions by the company that managed Del-Val's affairs. Of the sixteen defendants named in Cole and the sixteen defendants named in the other MDL-872 actions, only four are common to both. While some of the conduct for which recovery is sought in Cole may be relevant to proof of the disclosure claims in the other MDL-872 actions, we are not persuaded that any common questions between Cole and the other MDL-872 actions are sufficient to warrant Cole's inclusion in centralized pretrial proceedings. To the extent that any common questions are present, we point out that suitable alternatives to centralization exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985). Furthermore, we note that Cole is pending in the district that we have selected as the transferee district, and that nothing in the Panel's decision precludes the judges of that court from ordering coordination between Cole and the centralized actions to the extent that they deem appropriate.

Given the proximity of the two suggested transferee districts, it is clear that either of them could be designated as transferee forum with a minimum of inconvenience to proponents of the alternate forum. In selecting the Southern District of New York as transferee forum, we note that: 1) the New York actions to be centralized have already been consolidated before a single judge who has, in his initial pretrial order, made provisions for later actions that may be filed before him or transferred to him; 2) the majority of the individual defendants lives and works in New York; and 3) any coordination of MDL-872 with Cole that the parties or presiding judges may consider desirable can more easily be accomplished if both are pending in the same district.

IT IS THEREFORE ORDERED that centralization pursuant to 28 U.S.C. §1407 of the action on the attached Schedule A entitled Rita M. Cole, et al. v. Kenbee Management-New York, Inc., et al., S.D. New York, C.A. No. 90 Civ 7273, be, and the same hereby is, DENIED.

-3-

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A pending outside the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable William C. Conner for coordinated or consolidated pretrial proceedings with the remaining actions listed on the attached Schedule A that are pending in that district.

FOR THE PANEL:

John F. Nangle
Chairman

SCHEDULE A

MDL-872 -- In re Del-Val Financial Corp. Securities Litigation

### District of New Jersey

Arthur-Magna, Inc. v. Del-Val Financial Corp., et al., C.A. No. 90-4378
Harold Browner, etc. v. Del-Val Financial Corp., et al., C.A. No. 90-4320
Frances Egon, et al. v. Del-Val Financial Corp., et al., C.A. No. 90-4338
Nala Management Corporation Profit Sharing Trust Dtd 12-15-80, etc. v. Del-Val Financial Corp., et al., C.A. No. 90-4630
Robert Jordan v. Del-Val Financial Corp., et al., C.A. No. 90-4466 (AMW)

### District of Delaware

The Shirley Greene Horwitz Revocable Trust, et al. v. Del-Val Financial Corp., et al., C.A. No. 90-661

### Southern District of New York

Dr. Norman S. Amer v. Roger D. Stern, et al., C.A. No. 90 Civ. 7028
Roger A. Berger Rollover IRA, etc. v. Roger D. Stern, et al., C.A. No. 90 Civ. 6941
Stanley Newman, et al. v. Roger D. Stern, et al., C.A. No. 90 Civ. 6921
Phyllis Rye, et al. v. Roger D. Stern, et al., C.A. No. 90 Civ. 7207
Rita M. Cole, et al. v. Kenbee Management-New York, Inc., et al., C.A. No. 90 Civ 7273